Idaho Department Store, Inc., a Corporation v. Commissioner.
Idaho Dept. Store v. Commissioner
Docket No. 923.
United States Tax Court
T.C. Memo 1944-49; 1944 Tax Ct. Memo LEXIS 363; 3 T.C.M. (CCH) 157; T.C.M. (RIA) 157; February 24, 1944
*363 Arthur H. Kent, Esq., for the petitioner. T. M. Mather, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion This proceeding is to test the correctness of the respondent's determination of a deficiency in income, declared-value excess profits, and excess profits taxes for the years 1941 and 1942 in the following amounts: Year Ended
Year Ended
Tax
Jan. 31, 1941
Jan. 31, 1942
Income
$1,264.33
$2,391.84
Declared-Value Excess
Profits
1,529.39
Excess Profits
1,362.80
3,370.27
The sole question is whether the respondent correctly disallowed, as deductions for interest on indebtedness, payments made in respect of certain "debenture preferred stocks" of the petitioner during the taxable years. A stipulation of facts is incorporated herein as part of our findings of fact. Findings of Fact The petitioner is a corporation of the State of Idaho with its offices and principal place of business located at Twin Falls, Idaho. It filed its income and excess profits tax returns with the Collector of Internal Revenue at Boise, Idaho. The business of the petitioner is the operation of a retail department store in Twin Falls. It was incorporated on or *364 about September 28, 1940, with outstanding capital stock of $180,000, consisting of 500 shares of common stock, par value $10, and 1,750 shares of debenture preferred stock, par value $100. This stock was issued to the Idaho Department Store, Ltd., in pursuance of a plan of reorganization. The Idaho Department Store, Ltd., predecessor of the petitioner, carried on the same business prior to 1940, with capital stock of $50,000. For some time it had been the policy of the principal stockholder and president, R. C. Beach, to permit some of the department managers to acquire stock in the corporation, for the purpose of maintaining the morale of the organization. In time, however, he came to fear that a continuation of this policy would eventually lead to decentralizations and a weakened control. Prior to 1936 he had attempted to evolve a plan of recapitalization eliminating this danger, but still permitting the employees to continue their interest in the business. Upon advice of counsel that nothing could be done to this end without a liquidation, the attempt was temporarily abanboned. In 1936 R. C. Beach died, and his son, Kenneth C. Beach, president and manager of the petitioner, succeeded *365 to his interest. In 1938 Kenneth C. Beach, with the advice of counsel, developed the plan of reorganization out of which emerged the petitioner. The plan proposed the organization of the petitioner, with $5,000 in common stock and $175,000 in debenture preferred stock. These securities were to be transferred to the old corporation in return for all of its assets, whereupon the old corporation was to distribute them to its stockholders in proportion to the stock they then held and dissolve. At this time the old corporation had $50,000 outstanding capital stock and a surplus of $130,000. The plan was instituted with the incorporation of the petitioner on September 28, 1940 and consummated by the final distribution in liquidation of the old corporation on April 15, 1941. The distribution to its stockholders was taxed as a liquidating dividend. Article V of the Articles of Incorporation of the petitioner, providing for the common stock and debenture preferred stock, reads as follows: "* * * the amount of the total authorized capital stock of the company is One Hundred Eighty Thousand and No/100 ($180,000), Dollars, divided into (a) Five Hundred (500) shares of Common stock of the *366 par value of Ten Dollars ($10.00) each and, (b) One Thousand Seven Hundred Fifty (1,750) shares of Debenture Preferred stock of the par value of One Hundred Dollars ($100.00) each. "The holders of the Debenture Preferred stock shall be entitled to receive yearly interest at the rate of Six per cent (6%) per annum and no more payable semi-annually on dates to be fixed by the by-laws. The interest on the Debenture Preferred stock shall be cumulative, and shall be payable before any dividends on the Common stock shall be paid or set apart so that if any year or years interest amounting to Six Per Cent (6%) per annum shall not have been paid thereon the deficiency shall be payable before any dividends shall be paid upon or set apart for the Common stock. Whenever all cumulative interest on the Debenture Preferred stock for all previous years shall have been declared and shall have become payable, and the accrued semi-annual installment for the current year shall have been declared and the company shall have paid such cumulative interest for previous years and such accrued semi-annual installment, or shall have set aside a sum sufficient for the payment thereof, the Board of Directors *367 may declare dividends on the Common stock payable then or thereafter out of any remaining surplus or net profits. "In the event of any liquidation or dissolution or winding up (whether voluntary or involuntary) of the company the holders of the Debenture Preferred stock shall be entitled to be paid in full both the full principal due on their shares and the unpaid interest accrued thereon before any amount shall have been paid to the holders of the Common stock; but after payment to the holders of the Debenture Preferred stock of its principal value and all accrued interest thereon the remaining assets and funds shall be divided and paid to the holders of the Common stock according to the respective shares. "The said Debenture Preferred stock shall be payable as to principal July 1, 1965 and so much thereof as the Board of Directors may from time to time determine may be by the said corporation called and retired on any interest payment date upon payment to the holders thereof of the par value plus all accrued interest up to and including the time the same is called. "The said Debenture Preferred stock shall have no voting rights." The debenture preferred stock certificate reads *368 as follows: "THIS IS TO CERTIFY THAT The Idaho Department Store, Inc., hereby acknowledges itself indebted to in the sum of $ principal, payable July 1, 1965, with interest at the rate of Six (6) per cent per annum, payable semi-annually on the first days of January and July in each year, represented by shares of debenture preferred stock of the said corporation, each share of the par value of One Hundred Dollars ($100.00). "In payment of their several claims, all creditors other than the common stockholders of the corporation shall rank superior to the holders of this debenture preferred stock, but all holders of this debenture preferred stock shall rank equally with each other, and superior to the common stockholders of the corporation with respect to their shares of stock. "The corporation shall nevertheless have the right, the interest on the debenture preferred stock having been paid as provided in the Articles of Incorporation, to from time to time credit and pay dividends upon the common stock of the said corporation, all as in said Articles of Incorporation provided. "The debenture preferred stock or any part thereof designated by the board of directors *369 shall be subject to redemption by the corporation upon any interest paying date for the full principal amount due hereon plus all interest accrued to said date. "This stock shall be transferable only upon the books of the corporation. "IN WITNESS WHEREOF, The said Idaho Department Store, Inc., has caused this Certificate to be signed by its duly authorized officers and its corporate seal to be hereto affixed this day of ., 194…" Although no by-laws setting the date of paying of interest were adopted, semi-annual payments have been made since that time, in accordance with the certificate, without action of the board of directors. From the inception of the petitioner its net income, before deduction of the so-called interest payments, has been in excess of the amounts of these payments. The reasons for the reorganization were several; first, retention of control in the hands of the Beach family, still permitting the employees to invest in the business; second, assurance to the employee-stockholders of a fixed income; even though the business should change hands; and third, the tax advantage by reason of the possibility of deducting the amount of payments made as interest *370 from gross income under section 23 (b) of the Internal Revenue Code. On the balance sheet of the petitioner as of July 1, 1940, the date to which the mutual transfers were made retroactive, the capital stock was entered as $5,000 and the debenture preferred stock simply "debentures - $175,000." In the capital stock tax return for the year ending June 30, 1941, the declared value of the entire capital stock was $150,000. Outstanding capital stock was set forth in that return as follows: Corporate Stocks:
Preferred
$175,000
Common
5,000
The petitioner is a closely held corporation, all of its outstanding common and debenture preferred stock being held by nine persons. The certificates of debenture preferred stock evidenced an indebtedness of the petitioner and the payments to the holders thereof are interest. Opinion ARUNDELL, Judge: The basic issue is whether the debentures created an indebtedness or are in fact capital stock. If the former, the payments made to the holders thereof are interest and deductible under section 23(b) of the Internal Revenue Code; if the latter, they are dividends and not deductible. As we have many times stated the question is one of *371 fact. The essential definition of a debt is a fixed obligation to pay a sum certain on or before a definite date. Washmont Corp. v. Henricksen, 137 Fed. (2d) 306. That the obligation is subordinated to the claims of other creditors, Commissioner v. J. N. Bray Co., 126 Fed. (2d) 612; or that the interest may be deferred at the option of the debtor, Commissioner v. O.P.P. Holding Corp., 76 Fed. (2d) 11, or that the interest may be payable only out of earnings, John Kelley Co., 1 T.C. 457, is not repugnant to the theory of indebtedness. Nor, is the name given to an instrument determinative, even although it may be evidence of the intent of the parties. Commissioner v. Proctor Shop. Inc., 82 Fed. (2d) 792. The inquiry must be directed to the nature of the legal rights and obligations to which the instrument gives rise. Commissioner v. O.P.P. Holding Corp., supra. In the instant case the debenture preferred stock certificates acknowledge an indebtedness in a sum certain, payable at a definite time, *372 and provides for a fixed rate of interest, payable semi-annually. These interest payments have been regularly made in accordance with the terms of the certificates and without a declaration by the directors. The payment of interest is not restricted to earnings; even though it may not be paid in any year it still accrues periodically as an absolute obligation. Should petitioner be liquidated the debenture holders will receive the payment of their debt with interest and no more. The remaining assets are to be divided among the common stockholders. The voting rights are purely with the common stockholders. Respondent stresses the fact that petitioner treated the debenture preferred stock as a part of its capital stock in the articles of incorporation and in its capital stock tax return for 1941. A similar treatment was not considered fatal in Commissioner v. Proctor Shop, Inc., supra, where the articles of incorporation included an issue of "debenture preference stock" with the capital stock and where in the company's annual report to the State Corporation Department it listed the debenture preference stock as capital stock. In John Kelley Co., supra, *373 the corporation in its capital stock tax return listed the questioned security as capital stock, yet that factor did not vary the conclusion. After carefully weighing all the facts, we conclude that the certificates of debenture preferred stock evidenced an indebtedness of the petitioner and the payments thereon are interest, deductible from gross income under section 23(b) of the Internal Revenue Code. Decision will be entered under Rule 50.